UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUAN NGO,<br><br>            Plaintiff,<br><br>     v.<br><br>SENIOR OPERATIONS, LLC,<br><br>            Defendant. | NO. C18-1313RSL<br><br>ORDER DENYING MOTION FOR REMAND |

This matter comes before the Court on plaintiff's "Motion to Remand." Dkt. # 8. A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds). See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant contends that diversity jurisdiction exists in this case.

Plaintiff does not dispute that the parties are citizens of different states, but argues that defendant cannot demonstrate that the amount in controversy exceeds $75,000. In a notice of removal, a defendant asserting diversity jurisdiction need only make a plausible argument that

ORDER DENYING MOTION
FOR REMAND - 1

the amount in controversy exceeds $75,000. Dart Cherokee Basin Operating Co., LLC v. Owens, __ U.S. __, 135 S. Ct. 547, 554 (2014). Once the amount is put at issue, however, defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Id.; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Together the parties have submitted evidence showing that plaintiff earned $27/hour while working for defendant, that plaintiff's employment was terminated on January 22, 2018, and that he found a new job on June 8, 2018. Assuming for purposes of this motion that plaintiff's new employment pays him at least as much as his prior employment, his lost wages in the intervening twenty weeks would be only $21,600. Plaintiff also seeks emotional distress and "special" damages in amounts to be proven at trial. Defendant has provided case summaries, some of which are similar to this case, in which the jury awarded non-economic damages of three times the amount of economic damages. In addition, plaintiff seeks statutory attorney's fees, which defendant estimates to be $250/hour times 300 hours or $300,000. While the Court doubts that Mr. Martin will spend 7.5 weeks on this case, the total amount in controversy is easily $75,000. Plaintiff's motion for remand completely ignores the information defendant provided regarding non-economic damages and the attorney's fee calculations. Considering the record as a whole, the preponderance of the evidence shows that the jurisdictional amount is satisfied.

//

//

ORDER DENYING MOTION
FOR REMAND - 2

For all of the foregoing reasons, removal was appropriate, and plaintiff's motion to remand (Dkt. # 8) is DENIED.

Dated this 24th day of October, 2018.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR REMAND - 3